UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TD srl,                             :
                                    :
        Plaintiff,                  :
                                    :          25-cv-09362 (JSR)
            -v-                     :
                                    :          OPINION & ORDER
ITALIA GRANITE SUPPLY, LLC,         :
                                    :
                                    :
        Defendant.                  :
------------------------------------x
ITALIA GRANITE SUPPLY, LLC,         :
                                    :
        Third-Party Plaintiff,      :
                                    :
            -v-                     :
                                    :
MEDITERRANEAN SHIPPING CO. (USA),   :
et al.                              :
                                    :
        Third-Party Defendants.     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.:

Before the Court are the motion of defendant/third-party
plaintiff Italia Granite Supply, LLC ("IGS") to remand this action
to Utah state court and the motion of third-party defendant
Mediterranean Shipping Company ("MSC") to dismiss the claims
against it. For the reasons set forth below, the Court grants the
motion to remand and accordingly does not reach the motion to
dismiss.

## I.    Background

On or about April 4, 2025, TD srl ("TD"), an Italian company
that sells natural stone products, initiated this action in Utah

-1-

state court (specifically, the Third Judicial District of Salt Lake County, Utah) against IGS, a Utah company to which it had agreed to sell 61 slabs of marble. In its complaint, TD alleged one count of breach of contract based on IGS's failure to pay the amount due under the contract. See ECF No. 8, ¶¶ 10-11 ("Original Compl.").

On May 7, 2025, defendant IGS filed a third-party complaint against MSC, the company responsible for shipping the marble slabs from Italy to the United States, and against several other defendants responsible for its transport.[1] See Ex. A, ECF No. 1, ¶¶ 3-5, 17-19. ("Third-Party Compl.").

IGS alleged in the third-party complaint that the marble slabs had arrived at its facility broken and that, to the extent that TD was not itself responsible for failing to appropriately package the marble slabs, MSC and the other third-party defendants -- not IGS -- were liable to TD for the invoice price of the marble. Id. ¶¶ 23, 34-41. The complaint alleged claims of common law negligence, indemnification, breach of bailment, and contribution, as well as federal statutory claims under the Carmack Amendment,

---

[1] These include Union Pacific Railroad Company, which transported the shipping container containing the marble from a California port to Utah by rail, David & Ruby Trucking, LLC, which transported the shipping container from the railyard to IGS, and several unnamed "Doe" defendants also involved in its transport. Third-Party Compl. ¶¶ 3-5, 17-19.

-2-

49 U.S.C. § 14706, et seq., and the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701.

On June 17, 2025, third-party defendant MSC removed the action to federal court in Utah. Its notice of removal asserted both diversity jurisdiction and federal question jurisdiction, as well as removal jurisdiction under 28 U.S.C. § 1441(a)-(c). See Notice of Removal ¶ 6, ECF No. 1. On July 31, 2025, about a week and a half after the statutory 30-day deadline to file a motion to remand had expired, see 28 U.S.C. § 1447(c), defendant/third-party plaintiff IGS filed a motion for leave to extend the time to file a motion to remand to state court, citing staffing changes at counsel's firm and arguing that its failure to meet the deadline was the result of excusable neglect. See ECF No. 28. IGS attached as an exhibit its proposed motion to remand, which was styled as a joint motion together with original plaintiff TD. See ECF No. 28-1. Following additional briefing, the district court, on September 9, 2025, granted IGS's motion to extend time. See ECF No. 40. The court directed IGS to file its motion for remand no later than October 10, 2025, which it did. See ECF Nos. 43, 45.

Meanwhile, on August 8, 2025, third-party defendant MSC moved to dismiss the claims against it or, in the alternative, to transfer the case to the Southern District of New York, citing a forum selection clause in its shipping contract for the goods at issue. See ECF No. 30. On November 5, 2025, the district court in

-3-

Utah granted the motion to change venue and transferred the entire action to this Court. See ECF No. 48. The Utah district court declined to consider MSC's motion to dismiss. It likewise did not rule on the IGS's still-pending motion to remand.

Once transferred to this District, the Court entered a briefing schedule for any motions the parties wished to make. The Court also indicated that it would rule on all outstanding motions by no later than January 15, 2026.

In accordance with that scheduling order, MSC renewed its motion to dismiss, which IGS opposed. Likewise, IGS renewed its motion to remand, which MSC opposed. For the reasons set forth below, the Court addresses only the remand motion.

## II.  Standard of Review

"The right of removal is entirely a creature of statute and a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002). A party seeking to remove an action therefore must base its petition on a specific removal provision and bears the burden of proving that all jurisdictional and procedural requirements have been met. See Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994). "If

the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed." In re Oxycontin Antitrust Litig., 821 F. Supp. 2d 591, 595 (S.D.N.Y. 2011).

## III. Discussion

IGS argues that the Court must remand this action to Utah state court because MSC lacked statutory authority to remove it.

As an initial matter, MSC argues that the Court should not consider IGS's motion at all because it was filed outside the 30-day deadline for motions to remand imposed by statute. See MSC's Opp. to IGS's Mtn. to Remand to Utah State Ct. at 13-15, ECF No. 60 ("Remand Opp.) (citing 28 U.S.C. § 1447(c)). However, the district court in Utah already granted IGS leave to late-file its remand motion based on its claim of excusable neglect, concluding that MSC would not be prejudiced by the court's consideration of the motion. See ECF No. 40. MSC may disagree with that conclusion, but the issue is not one for this Court to revisit. See Aequitron Med., Inc. v. CBS, Inc., No. 23 Civ. 950 (SS), 1994 WL 30414, at *6 (S.D.N.Y. Feb. 2, 1994) ("[T]raditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court . . . ." (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991))). Indeed, IGS's remand motion remained pending when the

case was transferred to this Court. The Court therefore sees no impediment to resolving it.

**A. Remand Motion**

Turning, then, to the merits of IGS's motion, the Court agrees that MSC has not shown that removal was proper. MSC argues that it was entitled to remove the action under each of the various alternatives set forth in 28 U.S.C. § 1441(a)-(c). None of these provisions, however, grants a third-party defendant such as MSC the power to remove this action.

*1. Only a defendant to the original complaint may remove an action under § 1441(a)*

The first provision of § 1441 to which MSC points, § 1441(a), is the "general removal statute." Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 438 (2019). It permits "the defendant or the defendants" in a state-court civil action over which the federal courts would have original jurisdiction to remove the action to federal court. See 28 U.S.C. § 1441(a). MSC argues that it was entitled, as a third-party defendant, to remove the action under this provision.

In Home Depot, however, the Supreme Court expressly held that the phrase "defendant or the defendants" in § 1441(a) refers to the defendant to the original action as pleaded in the original plaintiff's complaint. See 587 U.S. at 440-44. The statute therefore did "not permit removal by any counterclaim defendant,"

including third-party defendants "brought into the lawsuit for the first time by the counterclaim." Id. at 441. Because MSC is similarly a third-party defendant and was not a defendant to TD's original complaint, it likewise is not a "defendant" within the meaning of § 1441(a) and, therefore, is not permitted by statute to remove this action.

MSC unpersuasively attempts to distinguish Home Depot by pointing out that that case involved a third-party counterclaim defendant, not, as here, a third-party defendant.[2] See Remand Opp. at 21. This is a distinction without a difference, given the Supreme Court's analysis in Home Depot. There, the Court explained that the removal statute turns on whether a federal court would have original jurisdiction over the "civil action" in question, which itself depends on whether "the [original] plaintiff could have filed its operative complaint in federal court." 587 U.S. at 441. Subsequent pleadings are, as a matter of well-established precedent, irrelevant to this question. See id.; see also, e.g., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction."); 28 U.S.C. § 1446(c)(2)

_____

[2] MSC also argues that the Court's holding in Home Depot is limited to class action defendants in cases brought under the Class Action Fairness Act ("CAFA"). See Remand Opp. at 21. This is wrong. A separate section of Home Depot does address whether that action could properly have been removed under a separate removal provision specific to CAFA, but the Court's analysis of § 1441 was in no way limited to class actions or to cases brought under CAFA.

(deeming the "sum demanded in good faith in the initial pleading . . . the amount in controversy"). Thus, because "the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the [original] plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint," not, as in Home Depot, a third-party named in a counterclaim, or, as here, a third-party brought into the action by way of a third-party complaint. Home Depot, 587 U.S. at 442 (emphasis added).

Indeed, subsequent to Home Depot, courts in this District and elsewhere have readily concluded that "removal by a third-party defendant is plainly barred by binding case law." Broad Coverage Serv. v. Oriska Ins. Co., No. 20-cv-11108, 2021 U.S. Dist. LEXIS 4900, at *1 (S.D.N.Y. Jan. 11, 2021); see also, e.g., Williamson v. Cestaro, No. 21-cv-2465, 2021 WL 2075727, at *2 (E.D.N.Y. May 24, 2021); New York v. Doyle, No. 24-cv-6045, 2025 WL 1863636, at *3 (S.D.N.Y. July 7, 2025) ("third-party defendants in general are not entitled to removal" under Home Depot). Thus, there is no reason to read any significance into the fact that this case involves a third-party brought into the action by third-party complaint, rather than by counterclaim. MSC unquestionably was not a "defendant" to the initial complaint and therefore is not entitled to remove the action under § 1441(a).

MSC argues that this conclusion unfairly prejudices its ability to raise a forum selection defense based on its contractual agreement to resolve disputes only in this District. See Remand Opp. at 24-25. MSC is free, however, to raise a forum selection defense as a basis for dismissal of the claims against it in state court. But that consideration has no bearing on whether § 1441(a), as interpreted by the Supreme Court, confers upon it the right to remove this action. It does not. Indeed, in Home Depot, the Supreme Court recognized that the interpretation of "defendant" that it adopted would prevent certain parties "involuntarily brought into state-court proceedings from removing the claim[s] against [them]." 587 U.S. at 443. But, the Court concluded, Congress clearly did "not intend to allow all defendants an unqualified right to remove." Id. at 443-44. Thus, the mere fact that MSC was involuntarily brought into Utah state court is not a basis for allowing it to remove the action, unfair as it may appear to MSC.

   2. *The action is not independently removable under either § 1441(b) or § 1441(c)*

To the extent that MSC seeks to rely independently for its removal authority on either § 1441(b) or (c), its arguments are unavailing. See Remand Opp. at 21. First, § 1441(b) does not supply independent removal authority. It merely imposes additional requirements when the defendant's removal is premised on diversity

jurisdiction, rather than on federal question jurisdiction.[3] See Home Depot, 587 at 438 (describing § 1441(b)). And, in any event, removal of this action based on diversity jurisdiction is plainly prohibited by § 1441(b), as it would violate the so-called forum defendant rule. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action in brought."); see also Gibbons v. Bristol-Meyer Squibb Co., 919 F.3d 699, 704-05 (2d Cir. 2019 (describing the forum defendant rule). IGS, a defendant to the original action, is a citizen of Utah, the state in which the action was brought. Therefore, the forum defendant rule prohibits removal based on diversity jurisdiction alone.

Likewise, § 1441(c) does not separately provide MSC the authority to remove this action. That provision sets forth special rules applicable to the removal of certain civil actions that

------

[3] 28 U.S.C. § 1441(b) provides: "Removal Based on Diversity of Citizenship.—

(1) In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

include both removable and nonremovable claims.[4] The Court doubts that this section, which immediately follows the sections previously described and which uses similar terms, can be read to confer an independent right to remove on parties not otherwise reached by § 1441(a). See Williamson, 2021 WL 2075727, at *3 ("Section 1441(c) is intended to bring additional clarity to the question of which categories of claims can be removed -- not to expand or contract the universe of parties who can remove them."); see also St. John's Univ. v. Certain Underwriters at Lloyd's, 760 F. Supp. 2d 381, 383 (S.D.N.Y. 2011) (adopting the "majority view . . . that third-party defendant[s] lack[] the power to remove [a] case under § 1441(c)"). However, the Court need not resolve this question, because § 1441(c) does not, by its terms, apply to this case. In MSC's own telling, this action does not

---

[4] 28 U.S.C. § 1441(c) provides: "Joinder of Federal Law Claims and State Law Claims.—

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)."

-11-

"include[] . . . [any] claim not within the original or supplemental jurisdiction of the district court or [any] claim that has been made nonremovable by statute." 28 U.S.C. § 1441(c). The claims raised in TD's original complaint do fall within the court's diversity jurisdiction and have not been made nonremovable by statute. MSC is simply not the party entitled to remove them. Accordingly, § 1441(c) likewise provides no basis for MSC to remove this action.

Because MSC has not carried its burden to show that removal was proper, the case must be remanded to Utah state court.[5] See, e.g., Wilde v. Merck, No. 12-CV-3953 (JFK), 2013 WL 603187, at *1 (S.D.N.Y. Feb. 14, 2013) (granting plaintiff's motion to remand

---

[5] MSC suggests that this Court lacks authority to transfer the action back to Utah state court because doing so would impermissibly "revisit [the] transfer decision[] of a coordinate court." Remand Opp. at 12 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)). But the Utah federal district court never addressed IGS's remand motion, which remained pending when it granted MSC's -- entirely separate -- transfer motion. Remanding the action would not conflict with any order of the Utah district court, nor does it risk a "game of jurisdictional ping-pong." Christianson, 587 U.S. at 818; see also Gary Friedrich Enters., LLC v. Marvel Enters., Inc., No. 08 Civ. 01533, 2008 WL 4129640, *4 (S.D.N.Y. Sept. 4, 2008) ("[B]ecause the plaintiffs propose transfer to a new forum in this case, my determination does not entail a reexamination of the previous transfer decision."). Moreover, although MSC argues that "no . . . authority exists" that empowers a district court to remand matters back to a foreign state court, see Remand Opp. at 20, such orders are, in fact, common. See, e.g., Lalewicz v WarberMedia Direct, LLC, No. 24-cv-6173, 2025 WL 1819730 (S.D.N.Y. July 2, 2025); see also In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1356, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

-12-

action to Pennsylvania state court, from which the case had been removed to the Western District of Pennsylvania before transfer to this District); Rubin v. MasterCard Int'l, LLC, 342 F. Supp. 2d 217, 218, 221 (S.D.N.Y. 2004) (granting plaintiff's motion to remand action to Florida state court, from which the case had been removed to the Southern District of Florida before transfer to this District).

### B. Attorneys' Fees

IGS asks the Court to award it attorneys' fees "incurred as a result of the removal." Mem. in Support of Def.'s Mtn. for Remand to Utah State Ct. at 7-8, ECF No. 58-1 ("Remand Mtn.") (quoting 28 U.S.C. § 1447(c)). "Courts may award costs in cases 'where the removing party lacked an objectively reasonable basis for seeking removal.'" City of N.Y. v. Exxon Mobil Corp., 733 F. Supp. 3d 296, 314 (S.D.N.Y. 2024) (quoting Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005)); see also, e.g., Gondolfo v. Town of Carmel, No. 20-cv-9060, 2022 WL 19183, at *2 (S.D.N.Y. Jan. 3, 2022) (awarding fees because "[e]ven the most basic preliminary research should have altered the [removing party's] counsel to the lack of federal jurisdiction"). Given the Supreme Court's holding in Home Depot, this is arguably such a case. However, two considerations weigh against an award of fees. First, although the logic of Home Depot translates quite easily to this case, it is true that Home Depot did not literally resolve the issue presented here. A party

-13-

could at least hypothetically raise plausible arguments about why a third-party defendant should be treated differently from a third-party counterclaim defendant. Second, IGS itself failed to adhere to the statutory timing requirements, filing its original motion to remand a week and a half after the 30-day deadline. Although the district court in Utah found cause to excuse its lateness, it would be unfair to award fees to a party that itself failed to comply with the statute. Accordingly, no attorneys' fees will be awarded.

### C. Motion to Dismiss

Because the entire case must be remanded to the Utah state court from which it was improperly removed, it would be inappropriate for this Court to rule on the motion to dismiss, which must therefore be denied, without prejudice, as moot before this Court.

### IV.    Conclusion

For the reasons stated above, IGS's motion to remand the case to Utah state court is GRANTED. MSC's motion to dismiss is DENIED, without prejudice, as moot.

The Clerk of Court is respectfully directed to the terminate the motions at ECF Nos. 54 and 58, to close the case, and to remand the entire action to the Third Judicial District of Salt Lake County, Utah.

SO ORDERED

New York, NY
January 15, 2026

_____
JED S. RAKOFF, U.S.D.J.